# EXHIBIT A

State Court Complaint

Electronically Filed
12/20/2017 3:39 PM
Steven D. Grierson
CLERK OF THE COURT

COMJD
DENNIS M. PRINCE, ESQ.
Nevada Bar No. 5092
ROBERT M. ADAMS, ESQ.
Nevada Bar No. 6551
**EGLET PRINCE**
400 South Seventh Street, Suite 400
Las Vegas, Nevada 89101
Telephone: (702) 450-5400
Facsimile: (702) 450-5451
Email: eservice@egletwall.com
*Attorneys for Plaintiff*

## DISTRICT COURT

## CLARK COUNTY, NEVADA

JAY JENSEN,

                Plaintiff,

vs.

JOHN G. BITSKO; DOES I through X; and
ROE CORPORATIONS I through X,
inclusive,

                Defendants.

Case No.: A-17-766603-C
Dept. No.: Department 26

**COMPLAINT**

**DEMAND FOR JURY TRIAL**

**Arbitration Exemption Requested:
Damages Exceed $50,000.00**

Plaintiff JAY JENSEN by and through his attorneys, ROBERT T. EGLET, ESQ. and ROBERT M. ADAMS, ESQ., of the law firm **EGLET PRINCE**, hereby demands a trial by jury and complain and allege against Defendants as follows:

### PARTIES AND JURISDICTION

1. That Plaintiff JAY JENSEN, is, and at all times pertinent hereto, was a resident of Clark County, Nevada.

2. That upon information and belief, Defendant JOHN G. BITSKO, at all times

pertinent hereto, was a resident of Clark County, Nevada.

3. That all incidents described herein occurred in the County of Clark, State of Nevada.

4. That Plaintiff is informed and believes and thereon alleges that the true names and capacities, whether individual, corporate, associate, partnership or otherwise, of the defendants herein designated as DOES I through X and ROE CORPORATIONS I through X, inclusive, are unknown to Plaintiff, who therefore sues said defendants by such fictitious names. Plaintiff will seek leave of the Court to insert the true names and capacities of such defendants when the same have been ascertained and will further seek leave to join said defendants in these proceedings.

5. That Plaintiff is informed and believes, and based upon such information and belief, alleges that each of the Defendants herein designated as DOES and ROES are in some manner, responsible for the occurrences and injuries alleged herein.

## GENERAL ALLEGATIONS

7. That upon information and belief, and at all times relevant herein, Defendant JOHN G. BITSKO was the owner of a Chevrolet Colorado pickup truck.

8. That on or about June 8, 2016, in the County of Clark, State of Nevada, Plaintiff JAY JENSEN was a passenger in a Chevrolet Silverado pickup truck driven by DYLAN PATRICK TRACY, which was stopped southbound in the right lane of the US95/Durango Drive off ramp, when Defendant JOHN G. BITSKO unlawfully caused his Chevrolet Colorado pickup truck to collide with the rear end of the vehicle in which Plaintiff JAY JENSEN was a passenger.

9. That as a direct and proximate result of the negligence of Defendants, and each of them, Plaintiff JAY JENSEN sustained personal injuries, all or some of which conditions may be permanent and disabling, and all to Plaintiff's damage in a sum in excess of Fifteen Thousand Dollars ($15,000.00).

2

10. That as a direct and proximate result of the negligence of Defendants, and each of them, Plaintiff JAY JENSEN received medical and other treatment for the aforementioned injuries, and that said services, care, and treatment is continuing and shall continue in the future, all to the damage of Plaintiff.

11. That as a direct and proximate result of the negligence of Defendants, and each of them, Plaintiff JAY JENSEN is entitled to recover damages for the pain, suffering, anxiety, disability, emotional distress, physical injuries and medical treatment, both past and future, all of which are damages recoverable by Plaintiff, an amount in excess of Fifteen Thousand Dollars ($15,000.00).

12. That as a direct and proximate result of the negligence of Defendants, and each of them, Plaintiff JAY JENSEN has limited occupational and recreational activities, which have caused and shall continue to cause Plaintiff loss of earning capacity, lost wages, physical impairment, mental anguish, and loss of enjoyment of life, in a presently unascertainable amount

13. That as a further direct and proximate result, Plaintiff JAY JENSEN has suffered a loss of past and future household services in an amount to be proven at trial.

14. That as a direct and proximate result of the aforementioned negligence of Defendants, and each of them, Plaintiff has been required to engage the services of an attorney, incurring attorney's fees and costs to bring this action.

### FIRST CLAIM FOR RELIEF

*(Negligence)*

15. That Plaintiff repeats and re-alleges the allegations of the preceding paragraphs of the complaint as though fully set forth herein, and incorporate the same herein by reference.

16. That Defendant JOHN G. BITSKO owed a duty of care to Plaintiff to operate a

3

vehicle in a reasonable and safe manner.

17. That Defendant JOHN G. BITSKO breached that duty of care by causing his Chevrolet Colorado pickup truck to collide with the Chevrolet Silverado pickup truck in which Plaintiff JAY JENSEN was riding as a passenger.

18. That as a direct and proximate result of the negligence of Defendants, and each of them, Plaintiff JAY JENSEN sustained personal injuries, all or some of which conditions may be permanent and disabling, and all to Plaintiff's damage in a sum in excess of Fifteen Thousand Dollars ($15,000.00).

19. That as a direct and proximate result of the negligence of Defendants, and each of them, Plaintiff JAY JENSEN received medical and other treatment for the aforementioned injuries, and that said services, care, and treatment is continuing and shall continue in the future, all to the damage of Plaintiff.

20. That as a direct and proximate result of the negligence of Defendants, and each of them, Plaintiff JAY JENSEN is entitled to recover damages for the pain, suffering, anxiety, disability, emotional distress, physical injuries and medical treatment, both past and future, all of which are damages recoverable by Plaintiff, an amount in excess of Fifteen Thousand Dollars ($15,000.00).

21. That as a direct and proximate result of the negligence of Defendants, and each of them, Plaintiff JAY JENSEN has limited occupational and recreational activities, which have caused and shall continue to cause Plaintiff loss of earning capacity, lost wages, physical impairment, mental anguish, and loss of enjoyment of life, in a presently unascertainable amount

22. That as a further direct and proximate result, Plaintiff JAY JENSEN has suffered a loss of past and future household services in an amount to be proven at trial.

23. That as a direct and proximate result of the aforementioned negligence of Defendants, and each of them, Plaintiff has been required to engage the services of an attorney, incurring attorney's fees and costs to bring this action.

## SECOND CLAIM FOR RELIEF

### *(Negligence Per Se)*

24. That Plaintiff repeats and re-alleges the allegations of the preceding paragraphs of the complaint as though fully set forth herein, and incorporates the same herein by reference.

25. That at all times mentioned herein, there were in force statutes, ordinances, and regulations prohibiting the conduct exhibited by Defendants, and each of them.

26. That Plaintiff was a members of the class of persons for whose protection said statutes, ordinances, and regulations were enacted or promulgated.

27. That the acts of Defendants, and each of them, as described herein, violated the traffic laws of the County of Clark, and the State of Nevada, which constituted *negligence per se*.

28. That Plaintiff JAY JENSEN sustained injuries that were the type said statutes, ordinances, and regulations were intended to prevent.

29. That as a direct and proximate result of the acts of Defendants, and each of them, Plaintiff JAY JENSEN sustained personal injuries, all or some of which conditions may be permanent and disabling, and all to Plaintiff's damage in a sum in excess of Fifteen Thousand Dollars ($15,000.00).

30. That as a direct and proximate result of the acts of Defendants, and each of them, Plaintiff JAY JENSEN received medical and other treatment for the aforementioned injuries, and that said services, care, and treatment is continuing and shall continue in the future, all to the damage of Plaintiff.

31. That as a direct and proximate result of the negligence of Defendants, and each of them, Plaintiff JAY JENSEN is entitled to recover damages for the pain, suffering, anxiety, disability, emotional distress, physical injuries and medical treatment, both past and future, all of which are damages recoverable by Plaintiff, an amount in excess of Fifteen Thousand Dollars ($15,000.00).

32. That as a direct and proximate result of the negligence of Defendants, and each of them, Plaintiff JAY JENSEN has limited occupational and recreational activities, which have caused and shall continue to cause Plaintiff loss of earning capacity, lost wages, physical impairment, mental anguish, and loss of enjoyment of life, in a presently unascertainable amount

33. That as a further direct and proximate result, Plaintiff JAY JENSEN has suffered a loss of past and future household services in an amount to be proven at trial.

34. That as a direct and proximate result of the aforementioned negligence of Defendants, and each of them, Plaintiff has been required to engage the services of an attorney, incurring attorney's fees and costs to bring this action.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, as follows:

1. General damages in an amount in excess of $15,000.00;
2. Compensatory damages in an amount in excess of $15,000.00;
3. Special damages in an amount in excess of $15,000.00;
4. Medical and incidental expenses incurred and to be incurred;
5. Damages for lost earnings and earning capacity, and future earning capacity;

6. Damages for past and future pain, suffering, mental anguish, and loss of enjoyment of life;

7. Damages for a loss of past and future household services;

8. Damages for Loss of Consortium as to Plaintiff Zenaida Jensen;

9. Costs of suit, reasonable attorney fees, interest incurred herein; and

10. For such other and further relief as is just and proper.

DATED this 20th day of December, 2017.

EGLET PRINCE

_____
Dennis M. Prince, Esq.
Nevada Bar No. 5092
Robert M. Adams, Esq.
Nevada Bar No. 6551
400 South Seventh Street, Suite 400
Las Vegas, NV 89101
*Attorneys for Plaintiff*

**DEMAND FOR JURY TRIAL**

Plaintiffs by and through their attorneys of record, EGLET PRINCE, hereby demands a jury trial of all of the issues in the above matter.

DATED this 20TH day of December, 2017.

EGLET PRINCE

_____
ROBERT M. ADAMS, ESQ.
*Attorneys for Plaintiff*